UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRACY JEANETTE COZATT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:18-cv-01250-TWP-DML ) |
| JOHN A. KASSIS, JASON M. COZATT, | ) ) ) ) |
| Defendants. | ) |

**ENTRY DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND DIRECTING FURTHER PROCEEDINGS**

**I. Motion for Leave to Proceed In Forma Pauperis**

Plaintiff Tracy Jeanette Cozatt's motion for leave to proceed *in forma pauperis*, dkt. [2], is **denied as presented**. Ms. Cozatt's motion indicates both that she is employed and that she has no monthly income, and this discrepancy makes it impossible for the Court to assess the merits of her motion. Ms. Cozatt shall have **through May 25, 2018**, to either (a) renew her motion to proceed *in forma pauperis*, supported by materials that resolve this discrepancy, or (b) pay the $400.00 filing fee.

**II. Order to Amend Complaint or Show Cause**

If Ms. Cozatt is granted leave to proceed *in forma pauperis*, her complaint will be subject to screening pursuant to 28 U.S.C. § 1915. Under § 1915, the Court must dismiss a complaint if it (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to

dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "A trial court is obligated to liberally construe a *pro se* plaintiff's pleadings." *Parker v. Four Seasons Hotels*, 845 F.3d 807, 811 (7th Cir. 2017).

Ms. Cozatt's complaint appears to allege that the defendants, John Kassis and Jason Cozatt, engaged in some misconduct relating to a divorce and child custody proceeding in a Marion County court. The nature of Mr. Cozatt's misconduct is not clear from the complaint. Mr. Kassis's misconduct also is not described except that the complaint states that he "knowingly committ[ed] intimidation and suppression of evidence." Dkt. 1 at 2.

Even construed liberally, it is not clear that the complaint asserts a claim upon which relief may be granted. The complaint alleges in conclusory fashion that the defendants violated three federal statutes, that Mr. Kassis "knowingly committ[ed] intimidation and suppression of evidence," and that Mr. Cozatt has engaged in some form of criminal behavior. The complaint does not contain sufficient factual matter to allow the Court to infer the nature of the misconduct Ms. Cozatt is alleging—much less that the defendants' misconduct would entitle Ms. Cozatt to relief under the law. A complaint "does not need detailed factual allegations," but it must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

It also is not clear that the Court has subject matter jurisdiction over Ms. Cozatt's complaint. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A court "must raise the issue *sua sponte* when

it appears that subject matter jurisdiction is lacking." *Buethe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984).

As a general matter, federal courts lack jurisdiction over domestic matters. *See Alpern v. Lieb*, 38 F.3d 933, 934 (7th Cir. 1994) (holding that the domestic relations exception, among other doctrines, barred suit for damages against the plaintiff's ex-wife, attorney, and judge who presided over divorce proceedings); *Ervin v. Ervin*, 571 Fed. Appx. 464, 466 (7th Cir. 2014) (observing that a lawsuit attacking an order to pay child and spousal support on due process grounds was "a domestic-relations case, and thus is probably excluded from federal-court jurisdiction by the domestic relations doctrine."). Accordingly, it does not appear that this lawsuit, which arises from a divorce and custody dispute, may proceed properly in federal court.

As such, Ms. Cozatt shall have **through May 25, 2018**, to either (a) **file an amended complaint**, or (b) otherwise **show cause** why the Court should not dismiss the complaint and enter final judgment in favor of the defendants. If she takes either step, she must show why the domestic relations exception does not apply to her claims.

**IT IS SO ORDERED.**

Date: 4/27/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TRACY JEANETTE COZATT
5115 East Burgess Ave.
Indianapolis, IN 46219

3